IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL CARTER, #*3347369*, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-20-1980 |
| WARDEN WALTER WEST and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |
| | *** | |

## **MEMORANDUM**

Michael Carter filed a Petition for Writ of Habeas Corpus, challenging his judgment of conviction in 2015 in the Circuit Court for Wicomico County, Maryland on four counts of conspiracy to commit human trafficking. ECF 1. Respondents have filed a Limited Answer contending that Carter's claims are unexhausted as he has not yet filed a petition for post-conviction relief in state court. ECF 4. As such, Respondents argue that this court should dismiss the Petition for Writ of Habeas Corpus, without prejudice to Carter's right to refile after exhaustion. *Id.*

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a

Petition for Writ of Certiorari. *See* Md. Code, § 12-201 and § 12-301 of the Courts and Judicial Proceedings Article ("C.J."). If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* C.J. § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* C.J. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, petitioner must file a petition for writ of certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Carter must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the circuit court where petitioner was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code, § 7-109 of the Criminal Procedure Article. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* C.J. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, he must file a petition for writ of certiorari to the Court of Appeals. *See Williams*, 292 Md. at 210-11.

Carter must also comply with a one-year filing deadline to file a petition with this court following exhaustion of his claims. *See* 28 U.S.C. § 2244(d).[1] Carter is forewarned that the one-

---

[1] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

year filing deadline begins to run on the date his conviction is final. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time available to Carter to seek federal habeas corpus review.

      An Order follows.

Date: August 14, 2020                                                                    /s/
                                                                                     Ellen L. Hollander
                                                                                     United States District Judge

---

    (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) Rhe time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.