IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL CARTER, #3347369, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-20-1980 |
| WARDEN WALTER WEST and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM

The Court received petitioner Michael Carter's Petition for Writ of Habeas Corpus on July 6, 2020, challenging his 2015 conviction in the Circuit Court for Wicomico County, Maryland, for conspiracy to commit human trafficking. ECF 1. Carter alleges that police officers withheld exculpatory material in the course of his arrest, he was denied the right to confront a witness and to access a report relied upon by the prosecution, and he claims that his plea was not made knowingly and voluntarily. *Id.* at 5. Respondents filed a limited answer asserting that the Petition raises claims that have not been exhausted and that there remains an available state remedy for Carter to litigate those claims. ECF 4.

By Order dated August 14, 2020, I granted Carter the opportunity to respond to Respondents' allegations. ECF 5; ECF 6. Carter filed nothing further.

For the reasons that follow, Carter's Petition shall be dismissed, without prejudice.

### Background

On June 12, 2015, Carter pleaded guilty on an agreed statement of facts to four counts of conspiracy to commit human trafficking. ECF 4-1 at 3-4. That same day, the circuit court

sentenced him to a total of 34 years of incarceration. *Id.* at 5-6. Carter did not file an application for leave to appeal challenging his guilty plea. *See id.* at 8.

On February 25, 2020, the Deputy State's Attorney for Wicomico County filed a disclosure in the Circuit Court for Wicomico County, notifying Carter that his office had become aware of certain information that had not been previously disclosed. *Id.* at 11-13. In particular, in December 2011, "an Assistant State's Attorney for Wicomico County was made aware of information which may tend to impeach" Detectives Thomas Hitty and Jeffery Hughes, police officers who might have been called in Carter's case. *Id.* It was discovered that those officers, along with a third officer, Corporal Engle, "purposefully attempted to conceal evidence that was recovered pursuant to an official investigation [in an unrelated case] where three individuals were charged with felonious crimes in the Circuit Court for Wicomico County." *Id.* One of the officers wrote a supplemental report about the incident, and the Assistant State's Attorney who discovered the impropriety "wrote a detailed memorandum" that was delivered to the police department where Detectives Hitty and Hughes were employed. *Id.*

"The State's Attorney for Wicomico County was provided the aforementioned memorandum on February 12, 2020[.]" *Id.* The Wicomico County State's Attorney's Office indicated that it would provide copies of the memorandum to Carter if he requested it and a court compelled the Office to do so.

On or about March 20, 2020, the State filed an "Additional Disclosure," explaining that it believed it had "fulfilled its discovery requirement" by revealing the existence of the memorandum at issue. *Id.* at 17-18. Nonetheless, it voluntarily produced the material to provide transparency and "restor[e] confidence in the process." *Id.* The State attached three exhibits related to a trio of burglary cases unrelated to Carter's case, and which were redacted only to protect the "names of

those people who are mentioned in the memorandum who are not State's witnesses subject to the impeachment disclosures." *Id.* at 18-23.

In his Petition received by this court on July 6, 2020, Carter claims that he filed a petition for post-conviction relief in the Circuit Court for Anne Arundel County in April 2020, but states that the case "has not been to court yet." ECF 1 at 3. Counsel for Respondents reviewed the docket entries from Carter's underlying criminal case, contacted the Wicomico County State's Attorney's Office, and searched the state courts' electronic databases but was unable to find any postconviction case filed by Carter in 2020. ECF 4 at 9.

## Discussion

Before this Court may consider the merits of claims raised under 28 U.S.C. § 2254 that challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Under § 2254, "each ground for relief [is] an independent claim," and all claims in a petition must be exhausted. *Samples v. Ballard*, 860 F.3d 266, 274 (4th Cir. 2017). As this court previously informed Carter, the exhaustion requirement is satisfied by seeking review of each claim in the highest state court with jurisdiction to consider it. *See* ECF 5. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

Here, Carter has not presented any of his claims in state court. Carter did not file an application for leave to appeal challenging his guilty plea. In addition, Carter has not filed any documents to support his assertion that he filed a post-conviction petition in state court. Even if a petition was, in fact, filed in the Circuit Court for Anne Arundel County, as Carter alleges, such petition would be subject to dismissal as Carter did not file it in the court where he was convicted.

3

*See* Md. Code, § 7-102(a) of the Criminal Procedure Article ("C.P.") (requiring post-conviction petitions to be filed in the county where the petitioner's conviction took place).  In any event, Carter acknowledges that the state post-conviction he allegedly filed in April 2020 has not been adjudicated.

To exhaust a claim through post-conviction proceedings, Carter must raise it in a petition filed in the Circuit Court for Wicomico County and, if unsuccessful, it must also be raised in an application for leave to appeal to the Maryland Court of Special Appeals.  *See id.*; Md. Code, C.P. § 7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  *See* Md. Code, § 12-202 of the Courts and Judicial Proceedings Article.  And, if the application is granted but relief on the merits of the claim is denied, Carter must file a petition for writ of certiorari to the Court of Appeals.  *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Carter must also comply with a one-year filing deadline to file a habeas petition with this court following exhaustion of his claims.  *See* 28 U.S.C. § 2244(d).[1]  Carter is forewarned that the

---

[1] This section provides:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

4

one-year filing deadline begins to run on the date his conviction is final. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Carter has to seek federal habeas corpus review.

Carter may yet exhaust his claims in state court and return to federal court. As Respondents note, Carter raises potential claims pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972), premised on a disclosure that occurred approximately five years after he pleaded guilty. Because of the timing of the State's disclosure and the fact that Carter was undoubtedly unaware of information set forth in the State's Attorney's memorandum, Carter's claims predicated on that previously undisclosed memorandum are neither finally litigated nor intelligently waived.

In light of the foregoing, the instant Petition will be dismissed, without prejudice, to provide Carter adequate time and notice to comply with both the exhaustion and filing deadline requirements. Carter will be sent forms and an information packet for filing a § 2254 petition if he decides to do so after he exhausts his remedies in state court.

---

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

5

**Certificate of Appealability**

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Carter fails to meet this standard and a Certificate of Appealability shall not issue.

**Conclusion**

For the foregoing reasons, the Petition is DISMISSED, without prejudice. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.


September 29, 2020                              /s/
Date                                     Ellen L. Hollander
                                         United States District Judge